UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PATRICIA KISSEL, ) | Civil Action No.: 4:10-cv-0294-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| HESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I. INTRODUCTION

In this employment action, Plaintiff asserts claims of sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. as well as a state law claim for workers' compensation retaliation in violation of S.C. Code Ann. § 41-1-80. Plaintiff originally filed this action in the Court of Common Pleas, Horry County, South Carolina, on December 21, 2009. Defendant filed a Notice of Removal and Answer on February 8, 2010. Presently before the Court is Defendants' Motion for Judgment on the Pleadings (Document # 5).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II. RELEVANT FACTS

Plaintiff was employed by Defendant beginning May 22, 2005. Complaint ¶ 3. During her employment, she was subjected to sexual harassment in violation of Title VII and retaliation in violation of Title VII and the Workers' Compensation Act. Id. ¶¶ 11, 14, 17. Plaintiff's

employment with Defendant ended on March 28, 2007. Answer ¶ 3; Norwood Aff. ¶ 4 (attached as Exhibit 1 to Answer). Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SCHAC) and the United States Equal Employment Opportunity Commission (EEOC) on April 23, 2008, alleging discrimination based on sex and retaliation, among others. Answer ¶ 10; Charge of Discrimination (attached as Exhibit 2 to Answer). In the Charge of Discrimination, Plaintiff asserts the end date of the discrimination to be March 28, 2007, the last date of her employment with Defendant. Id. Plaintiff filed the present action on December 21, 2009.

### III. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, *1 (M.D.N.C.1999) (internal quotations omitted); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." Pledger v. North Carolina Dep't of Health & Human Servs., 7 F.Supp.2d 705, 707 (E.D.N.C.1998); Jadoff v. Gleason, 140 F.R.D. 330, 331 (M.D.N.C.1991) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.2004)). In determining a motion for judgment on the pleadings, the court "may

consider documents incorporated by reference in the pleadings." Parks v. Alteon, Inc., 161 F.Supp.2d 645, 649 n. 1 (M.D.N.C.2001); see also Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir.2002) (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the plaintiff's claims and the authenticity is not challenged). When the statute of limitations is alleged as a bar to Plaintiff's claims, a motion under Rule 12(c) is appropriate. Tollison, 812 F.Supp. at 619.

## IV.  DISCUSSION

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); see also 42 U.S.C. § 2000e-5(f)(1). "Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir.2009); 42 U.S.C. § 2000e-5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." Id. (internal quotation marks omitted). In South Carolina, the 300-day limitations period applies. The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir.1994) ( "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

Plaintiff's last day of employment and last date of discrimination as listed on her Charge of Discrimination was March 28, 2007. Plaintiff did not file her Charge of Discrimination until April

23, 2008, over 300 days after the alleged unlawful employment action. Therefore, Plaintiff's Title VII claims are barred in this Court.

In addition, South Carolina law prohibits employers from discharging or demoting an employee because of his or her participation in any proceeding under the workers' compensation laws. S.C. Code Ann. § 41-1-80. "The statute of limitations for actions under this section is one year." Id. Plaintiff filed this action on December 21, 2009, well outside the one year statute of limitations provided for these types of claims. Accordingly, Plaintiff's retaliation claim under the workers' compensation laws is barred as well.[1]

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion for Judgment on the Pleadings (Document # 5) be granted and this case be dismissed in its entirety.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 27, 2010  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1] Plaintiff does not dispute the statute of limitations arguments raised in Defendant's Motion. Instead, in her Response (Document # 9), Plaintiff states only that she "feels she should be allowed to amend he [sic] complaint to allege an action for Emotional Outrage and possibly other claims." Plaintiff also filed a Motion to Amend Complaint (Document # 8), which the undersigned has denied in an Order filed herewith for failure to attach a copy of the proposed amended complaint.